PERRY F. BADGER, ET AL. (ADMRS.) v. MAUD V. ORR.

**1. Two Years' Limitation for Actions against Administrators Extended to Include Period between Revocation of Appointment by Probate and Restoration on Appeal.**

Where the appointment of an administrator is revoked by the probate court, but on appeal the administrator is restored to his office and duties, the period during which he was suspended from his office is to be deducted in fixing the two years' limitation for the bringing of an action against him as such administrator, prescribed by Sec. 10746 G. C.

**2. Wife may Sue Personally for Services in Giving Special Care to Invalid for Whose Board and Lodging Husband Previously Received Compensation.**

A married woman living with her husband may maintain an action in her own name for services in giving special care and attention to an invalid for whose board and lodging in their home her husband has already received compensation.

**3. Administrator of Husband Mentally Incompetent Liable for Necessaries Furnished Invalid Wife, Notwithstanding Guardian Failed to Approve Such Indebtedness.**

The liability of a husband for necessaries or care furnished to his wife is not affected by the fact that he is insane or mentally incompetent to transact business, and an action for recovery for services or necessaries so furnished may be maintained against the administrator of such husband notwithstanding the indebtedness was incurred during the lifetime of the husband and was not approved by his guardian.

[Syllabus by the court.]

ERROR to common pleas court.

The plaintiff's cause of action in the court below was founded upon a promise for the payment for services rendered by the plaintiff for the said Keziah Badger, at the request of

Badger v. Orr.

Michael Badger, her husband, from April, 1906, until January, 1909. The claim was presented, duly verified, to the administrators, March 14, 1911, and was rejected March 25, 1911. Suit was commenced in the court of common pleas June 21, 1911.

On September 1, 1911, the defendants filed an amended answer setting up four defenses.    For a first defense the defendants admit that they are the administrators with the will annexed of Michael Badger, deceased, but they do not allege when they were appointed such administrators nor is the date of their appointment alleged in the petition.   In this defense it is alleged that the claim of the plaintiff was rejected on March 25, 1911.   It does not appear on the face of the answer in this defense that the claim is barred either by the six months' statute or by the two years' statute, the limitations for bringing suits against the administrators of an estate of two years after their appointment and giving notice.

In the second defense the defendants allege that more than two years next before the commencement of this suit, to wit, on March 5, 1909, defendants were, by the probate court of said county, duly appointed and qualified as administrators with the will annexed of said Michael Badger, deceased, at which time they gave bond as administrators, and afterwards, within three months after the giving of said bond, they caused notice of their appointment to be published in a newspaper of general circulation in said county for three consecutive weeks.   It is further alleged in said second defense that Michael Badger died January 10, 1909, and that the plaintiff's cause of action, if it ever did accrue, accrued prior to March 5, 1909.

For a third defense, defendants aver that during the period of thirty-two months from April, 1906, to January, 1909, said Michael Badger was incapable of transacting any business on account of his weak mental condition and during said time was an imbecile and did not have mental capacity to transact any business and make any contracts, that during the time from May, 1906, to the time of his decease he was under guardianship and had a guardian of his person and estate, which guardian was duly appointed by the probate court of said county and such guardian transacted all business for said Michael Badger, all

of which was known to the plaintiff, and said guardian took care and charge of and provided for all the wants and necessaries of said Keziah Badger.

For a fourth defense, defendants deny that the plaintiff performed services and work to the extent and amount and of the kind and value mentioned in the petition, and aver that whatever services were rendered and work performed for said Keziah Badger, by plaintiff, during the time mentioned in said petition was rendered and performed by said plaintiff at the special instance and request of the guardian of Michael Badger, who was the guardian of the person and estate of said Michael Badger during said period; which services and work was performed by said plaintiff under and by virtue of a contract with said guardian; for all of which services and work rendered by said plaintiff for said Keziah Badger full payment has been made by said guardian to the plaintiff, and nothing whatever is now due said plaintiff from said defendants for any service or work performed for said Keziah Badger.

Defendants further say that during the period from April, 1906, to January, 1909, said plaintiff was married and was living with her husband, Willis H. Orr, and said plaintiff and her said husband constituted the family at whose home the services were rendered and work performed for said Keziah Badger by plaintiff and that whenever payment was made to said plaintiff by said guardian for such work and services as above mentioned, receipts were given by said plaintiff as evidence of full payment for services mentioned in said receipts, but, in giving such receipts, plaintiff signed her said husband's name, which receipts of payment of all services and work performed by said plaintiff for the full satisfaction of said plaintiff.

To this amended answer the plaintiff files reply to the second defense, in which she admits that the defendants were appointed and qualified as administrators of the estate of Michael Badger, and gave bond as such administrators and caused notice of such appointment to be published as alleged in said amended answer. She admits that Michael Badger died January 10, 1909; but the plaintiff says that the appointment of such administrators was revoked by the probate court of Wayne

county, on August 19, 1909, and Corwin D. Swan was by said court duly appointed and qualified as special administrator of said estate and acted as such from said date until February 19, 1910, when he was removed and the defendants were re-appointed as administrators with the will annexed of said estate.

For reply to the third defense, plaintiff says said Michael Badger, before said adjudication of imbecility and the appointment of said guardian, brought the said Keziah Badger to the home of Willis H. Orr, husband of the plaintiff; that the said Keziah Badger was a paralytic and was in a helpless condition. She remained in the home of said Willis H. Orr until after the death of the said Michael Badger. Plaintiff further says that the services so rendered by the plaintiff were necessary for the care, well-being and comfort of the said Keziah Badger and were not a part of, but were additional, to her household duties as the wife of Willis H. Orr. The guardian had full knowledge of the character of the services and that they were being rendered by the plaintiff and said guardian never paid the plaintiff for said services.

For reply to the fourth defense plaintiff says that the services she rendered for the said Keziah Badger were not included in any contract with said guardian for which full payment has been made the plaintiff. She denies that any payment was made to her for any of said services, and she denies that any receipts were given by her to said guardian for said services or that any receipts given by her under her husband's name were intended to be, or in fact were, payments in full for said services or in satisfaction thereof, or that she ever gave said guardian the receipts therefor.

The case was tried to a jury upon issues made up by the petition, the amended answer, and the reply to the amended answer, as shown above, resulting in a verdict in favor of the plaintiff for $1,178.38. The motion for a new trial was filed and upon consideration thereof the court directed a remittitur of all in excess of $700, otherwise a new trial would be granted. Ten days were given for the plaintiff to determine as to the remittitur, which was consented to, and the judgment entered accordingly.

Error is prosecuted to this court by Perry F. Badger and Ira Badger, administrators with the will annexed of Michael Badger, deceased, as plaintiff in error v. Maud V. Orr, defendant in error.

*Critchfield & Hay,* for plaintiffs in error:

Cited and commented upon by the following authorities: *Jenney* v. *Walker,* 80 Ohio St. 100 [88 N. E. Rep. 123] ; *Teaff* v. *Hewitt,* 1 Ohio St. 511, 520 [59 Am. Dec. 634] ; *Delaplane* v. *Smith,* 38 Ohio St. 413; *Sanker* v. *Mattison,* 11 Circ. Dec. 125 (20 R. 229) ; Kinkead, Code Pl. 649; Giauque, Settlement of Deced. Est. 599, 605; *Pollock* v. *Pollock,* 1 Circ. Dec. 408 (2 R. 140) ; *Harris* v. *O'Connell,* 85 Ohio St. 144 [97 N. E. Rep. 49] ; *Gibbs* v. *Bunch,* 63 Miss. 47; 22 Cent. Dig. Sec. 1751; *Reed* v. *Minnell,* 30 Ala. 61; 18 Cyc. 470, 471, 914, 936; *Shephard* v. *Rhodes,* 60 Ill. 301; *Jordan* v. *Dickson,* 10 Dec. Re. 147 (19 R. 64) ; *Spayne* v. *King,* 7 Dec. 158 (4 N. P. 299) ; *Baltimore & O. Ry.* v. *Glenn,* 66 Ohio St. 395 [64 N. E. Rep. 438] ; 26 Cent. Dig. 2406 ; *Miller* v. *Dickinson Co.* 68 Iowa 102 [26 N. W. Rep. 31] ; *Barnes* v. *Moore,* 86 Mich. 585 [49 N. W. Rep. 585] ; *Porter* v. *Dunn,* 131 N. Y. 314 [30 N. E. Rep. 122] ; *Harrington* v. *Gies,* 45 Mich. 374 [8 N. W. Rep. 87] ; *Mason* v. *Dunbar,* 43 Mich. 407 [5 N. W. Rep. 432; 38 Am. Rep. 201] ; 9 Am. & Eng. Enc. Law 817; *Hensley* v. *Tuttle,* 17 Ind. App. 253 [46 N. E. Rep. 594].

*J. O. Fritz* and *Frank Taggart,* for defendant in error.

## VOORHEES, J.

Seventeen grounds of error are set forth in the petition in error as reasons for the reversal of the judgment. All the grounds of error set forth in the petition in error are not urged upon our consideration in presenting the case, but several of the grounds are insisted upon as reasons for a reversal of the judgment. One of the principal grounds relied upon by the plaintiffs in error is that the action of the plaintiff below, the defendant in error, was barred by the statute of limitations as to time of bringing suit against administrators, namely within two years from the time of the appointment of said administrators and the giving of bond by said administrators.

Section 10746 G. C., among other things, provides:

"No executor or administrator, * * * shall be held to answer to the suit of any creditor of the deceased unless it be commenced within two years from the time of his giving bond except as hereinafter provided. A creditor whose cause of action accrues after the expiration of two years from the time the executor or administrator gave bond according to law, and before such estate is fully administered, may begin and prosecute such action within one year after the accruing of such cause, and before the estate is fully administered. No cause of action against an executor or administrator shall be barred, by lapse of time, until the expiration of one year from the time it accrues."

It is contended in this case that the plaintiffs in error were appointed administrators with the will annexed of Michael Badger, deceased, on March 5, 1909, and gave their bond and notice of their appointment within three months of the time of their appointment. On March 14, 1911, the claim of the defendant in error was presented, duly verified, for an allowance, and on March 25, 1911, the claim was rejected by said administrators and their rejection thereof endorsed thereon. As we have seen, on June 21, 1911, suit was brought by the defendant in error against said administrators. It is contended by the defendant in error that this statute of limitations does not control in this case.

The plaintiffs in error were appointed administrators with the will annexed of Michael Badger, deceased, but the appointment of such administrators was revoked by the probate court of said county on August 19, 1909, and one Corwin D. Swan was, by said court, duly appointed and qualified as special administrator of said estate and acted as such from said date until February 19, 1910, when he was removed and the plaintiffs in error were reappointed, as administrators with the will annexed of said estate, and it is contended by the plaintiffs in error that the proceedings in the probate court for the removal and revoking of the appointment of said administrators upon the appeal of the cause to the court of common pleas, only suspended the office of administrator so held by them and upon the re-

appointment of said administrators by the court of common pleas, they were restored to their office and duties as such administrators, and that during the interim between the time of the removal and the reappointment, the statute of limitations, requiring the presenting of claims against the estate to the administrator, was not suspended but remained in full force.

We can not agree with this contention or construction of the statute, but rather think that Sec. 10753 G. C., does control, which provides that "when an executor or administrator dies. resigns, is removed or his letters are revoked or his powers have ceased, without having fully administered the goods and estate of the deceased, and a new administrator of the same estate is appointed, the time allowed to the creditors for bringing their action shall be enlarged as follows, to so much of the eighteen months provided for the limitation of the action as expired while the former executor or administrator continued in office, must be added so much time after the appointment of the new administrator as will make two years in all."

According to this statute the time intervening between the revoking of the letters of administration and the removal of said administrators from office by the probate court and their subsequent reappointment by the court of common pleas would be deducted from the time allowed by the statute of limitations for bringing suit. That is to say, that the plaintiffs in error were appointed March 5, 1909, and duly qualified as such administrators, but the probate court on August 19, 1909, revoked said appointment and removed said administrators from their said office and appointed a special administrator. Upon appeal of the case to the court of common pleas, that court on February 19, 1910, removed said special administrator and reappointed said plaintiffs in error. Now, adding the time they had served before their removal (which is five months and fourteen days) to the time they served after their reappointment, and before the bringing of this action, and adding thereto the time of suspension between their removal and the time of the reappointment, the period of time elapsing would be two years and nine days; but, deducting the nineteen days of suspension, the action was brought within the two years allowed by Sec. 10753 G. C.

Badger v. Orr.

And therefore, the contention of the plaintiffs in error is not sustained as to the time of bringing the action.

It is also contended by plaintiffs in error that the plaintiff below, being a married woman, living with her husband, at whose home the services were rendered and the work performed for said Keziah Badger, can not maintain said action, and they cite the case of *Spayne* v. *King,* 7 Dec. 158 (4 N. P. 299), in support of this contention. But on the contrary, from the facts in this case it is very clear that the services rendered by the defendant in error in this case were not such services as are contemplated by the duties of a wife in the discharge of her domestic duties as wife and housekeeper, referred to in the case of *Spayne* v. *King, supra,* or in the authorities cited from New York, relating to the domestic relations of husband and wife. Therefore, we hold that the defendant in error was entitled to maintain this action in her own name, and that the facts disclosed in the record fully sustain her in her cause of action.

It is contended by the plaintiffs in error that at the time the alleged contract was made by Michael Badger with the defendant in error and her husband, that he, Michael Badger, was insane and mentally incompetent to transact any business. A husband is liable for necessaries furnished a wife although he may be insane or incompetent, to transact ordinary business (Secs. 7997 to 8003, G. C.; Beach, Contracts Sec. 1408; Clark, Contracts 778). Therefore, the contention of the plaintiffs in error that Michael Badger was not liable for the support of his wife and for necessaries furnished her can not be sustained.

It is further contended by the plaintiffs in error that for the services rendered by the defendant in error she has been fully paid, and in support of this contention a number of receipts have been produced and are attached to the bill of exceptions as evidence of this contention. Upon an examination of the receipts themselves, they do not sustain this contention, and taken in connection with oral evidence that was properly introduced in the case in the way of explanation of the receipts, it is shown beyond all question that the contention of the plaintiffs in error that the defendant in error was paid for her services, for which this action was brought, is not sustained.

Wayne County Appeals.

·     It is further contended by the plaintiffs in error that the verdict of the jury in this case is not sustained by the evidence, but is manifestly contrary thereto.   In this contention we do not agree with counsel, but on the contrary, after a careful examination of the record, we are unanimous in the opinion that the evidence supports the verdict of the jury and that there is no error in the finding of the jury as to the facts in favor of the defendant in error, in support of her claim.   We have examined the records with a view of determining whether or not any of the alleged grounds of error set forth in plaintiff's petition in error are well taken and we are unanimous in the opinion that they are not.

Therefore, we find no error in the record and the judgment, with the remittitur allowed, is affirmed, with costs, without penalty.

**Shields** and **Marriott, JJ.,** concur.

---

## ATTORNEY AND CLIENT—COSTS.